**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000501
25-SEP-2024
08:25 AM
Dkt. 90 SO

NO. CAAP-20-0000501

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE FOR ARGENT SECURITIES INC., ASSET BACKED
PASS-THROUGH CERTIFICATES, SERIES 2006-M1, UNDER THE POOLING
AND SERVICING AGREEMENT DATED JUNE 1, 2006 AKA DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE FOR ARGENT SECURITIES INC.,
ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-M1,
Plaintiff/Counterclaim Defendant-Appellee, v.
LAURIE ANN BASS, Defendant/Counterclaim Plaintiff-Appellant,
and DOES 1-20, inclusive, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC181000189)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Defendant/Counterclaim Plaintiff-Appellant Laurie Ann

**Bass** appeals from the Circuit Court of the Third Circuit's

August 3, 2020 "Findings of Fact, Conclusions of Law and Order

Granting Plaintiff's Motion for Summary Judgment and Interlocutory Decree of Foreclosure" and Judgment.[1]

On appeal, Bass contends the circuit court erred in dismissing her wrongful foreclosure counterclaim and granting a foreclosure decree in favor of Plaintiff/Counterclaim Defendant-Appellee **Deutsche Bank** National Trust Company, as Trustee for Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2006-M1, Under the Pooling and Servicing Agreement Dated June 1, 2006.  She argues Deutsche Bank failed to prove it (1) had standing to foreclose and (2) properly gave notice of default.[2]

"An award of summary judgment is reviewed de novo and is appropriate where there is no genuine issue as to the material fact and the moving party is entitled to judgment as a matter of law."  U.S. Bank N.A. v. Mattos, 140 Hawaiʻi 26, 30, 398 P.3d 615, 619 (2017) (citations and internal quotation marks omitted).

---

[1]  The Honorable Henry T. Nakamoto presided.

[2]  Bass also raises points of error related to the authentication of records and certain findings and conclusions.

Bass contends Deutsche Bank failed to properly authenticate the business records on which it relies.  However, except as otherwise provided herein, after reviewing the record, we conclude there was no error.

Bass challenges Findings of Fact (**FOF**) 5, 6, and 11, and conclusions of law (**COL**) 3-6, 8, 9, 11, and 13.  Based on our decision below, FOF 6 (a mixed question of law and fact) and FOF 11 were clearly erroneous.  COL 3-5, 8, 9, 11, and 13 were wrong, and a challenge to COL 6 was waived.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and vacate and remand.

**(1)** Bass first contends Deutsche Bank failed to show it had standing to bring the foreclosure action because it did not establish it was the holder of the March 31, 2006 Adjustable Rate **Note**, non-holder of the Note, or had "rightful possession" of the Note when the Note was lost.

To establish standing to foreclose, the "plaintiff must necessarily prove its entitlement to enforce the note as it is the default on the note that gives rise to the action." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 368, 390 P.3d 1248, 1255 (2017). "Whether a party is entitled to enforce a promissory note is determined by application of [Hawaiʻi Revised Statutes (**HRS**)] § 490:3-301." Id. at 369, 390 P.3d at 1256.

HRS § 490:3-301 (2008) explains who is entitled to enforce an instrument:

> "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 490:3-309 or 490:3-418(d).

Related, HRS § 490:3-309 (2008) governs enforcement of a lost instrument:

3

>       (a) A person not in possession of an instrument is entitled to enforce the instrument if (i) <u>the person was in rightful possession of the instrument and entitled to enforce it when loss of possession occurred</u>, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
>
>       (b) <u>A person seeking enforcement of an instrument under subsection (a) must prove</u> the terms of the instrument and <u>the person's right to enforce the instrument.</u>  If that proof is made, section 490:3-308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument.  Adequate protection may be provided by any reasonable means.

(Emphases added.)

To summarize, Deutsche Bank must prove that when it lost possession of the Note:  (1) it was validly assigned ownership of the Note, and (2) the Note was physically delivered to it for the purpose of giving it the right to enforce the Note.

Based on this record, the circuit court could determine that ownership of the Note was transferred to **Argent** Securities, Inc. and assigned to Deutsche Bank as trustee of the mortgage pool, and the Note was to be physically delivered to Argent or its designee, i.e., Deutsche Bank, for the purpose of giving it the right to enforce the Note.

As to physical possession, Deutsche Bank relies solely on the declaration of Gina **Feezer,** which stated "[t]he Original

4

Note was received by Deutsche Bank as Trustee on May 20, 2006 which maintained possession and custody of the Original Note until January 3, 2011.  At that time the Original Note was released to . . . the servicer at that time," "the history of the custody of the Note shows that the Note was transferred to Deutsche Bank, as Trustee in 2006 and delivered," and the "Note remained in Deutsche Bank, as Trustee's possession until 2011."

Feezer, however, did not indicate she had personal knowledge of possession, nor did she specify on what records she relied in determining Deutsche Bank received the Note on May 20, 2006 and maintained possession until it was lost.  See Deutsche Bank Nat'l Tr. Co. as Tr. for Morgan Stanley ABS Cap. I Inc. Tr. 2006-NC4 v. Yata, 152 Hawaiʻi 322, 327 n.11, 336, 526 P.3d 299, 304 n.11, 313 (2023) (concluding lender's "counsel's conclusory declaration" that she was in possession of the note was insufficient to establish possession).

Moreover, Deutsche Bank produced no documentary evidence corroborating or supporting this written testimony. Thus, the record not only lacks foundation for Feezer's written testimony regarding possession, but even if foundation was laid, such conclusive and uncorroborated testimony may still be insufficient to establish possession.  See U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawaiʻi 315, 327-28, 489 P.3d 419, 431-32 (2021).

Thus, Deutsche Bank did not meet its burden of showing there was no genuine issue as to whether it was in physical possession of the Note when the Note was lost.

**(2)** Bass next contends Deutsche Bank failed to establish it provided her with adequate notice of the default.

To prevail on a foreclosure claim, a plaintiff must prove it gave cancellation notice in accordance with the terms of the mortgage. Reyes-Toledo, 139 Hawaiʻi at 367, 390 P.3d at 1254.

The Note was secured by a **Mortgage**, and Paragraph 15 of the Mortgage provided in part:

> [a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. . . . The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender.

In her declaration, Feezer stated, "[a]ccording to [the loan servicer]'s business records, Notice of the default was provided on April 16, 2018. A true and correct copy of the Notice kept and maintained in Servicer's business records is attached as Exhibit 6." Exhibit 6 showed that the notice of default was directed to Bass at an Idaho address, and the phrase "VIA First Class Mail" was typed on the first page.

However, Feezer did not attach the Servicer's business records or otherwise establish the Servicer's regularly-

conducted business activities and record-keeping practices which might evidence that the Notice was in fact mailed via first class mail. In its reply in support of summary judgment, Deutsche Bank stated that the Notice was mailed to the address on file for Bass, but it pointed to no evidence in the record supporting this claim.

Thus, we conclude that Deutsche Bank failed to meet its burden of showing there was no genuine issue as to whether it gave notice of default in accordance with the terms of the Mortgage.

Based on the foregoing, we vacate the circuit court's August 3, 2020 "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Interlocutory Decree of Foreclosure" and Judgment, and remand this case for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, September 25, 2024.

On the briefs:                        /s/ Katherine G. Leonard
                                      Acting Chief Judge
Keith M. Kiuchi,
for Defendant/Counterclaim            /s/ Clyde J. Wadsworth
Plaintiff-Appellant.                  Associate Judge

Peter Knapman,                        /s/ Sonja M.P. McCullen
for Plaintiff/Counterclaim            Associate Judge
Defendant-Appellee.